UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELTON LAMONT BOONE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 21-cv-08053-JSW<br><br>**ORDER OF SERVICE** |

Plaintiff, a California prisoner proceeding pro se, was given leave to amend his original complaint. He filed a "First Amended Complaint" on May 18, 2022. (ECF No. 18.) The Court screened it, found certain specified claims cognizable and ordered it served upon Defendant Davis. (ECF No. 19.) Certain claims were found cognizable against unnamed "Doe" Defendants, and consequently, the Court directed Plaintiff to submit their names so that service could be ordered upon them. He did so on May 26, 2022, but he has created some confusion on the docket by also naming this document a "First Amended Complaint." (ECF No. 20.) To clear up this confusion, docket number 18 is deemed the First Amended Complaint ("FAC") and is the operative complaint in this action, and docket number 20 is construed as a supplement to the FAC but only to the extent it provides the names of the "Doe" Defendants.

In light of the foregoing,

1. The members of the Statewide Medical Authorization Review Team ("SMART"), Defendants Dr. G. Song, Dr. M. Popori, Dr. P. Tafoya, Dr. D. Ralston, Dr. E. dos Santos-Chen, Dr. A. Vasedeva, Dr.. D. Kalauokalani, shall be served at the California Department of Corrections and Rehabilitation ("CDCR").

Service shall proceed under the CDCR's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on

1  CDCR via email the following documents: the First Amended Complaint (ECF No. 18), the Order
2  Screening Amended Complaint (ECF No. 19), this Order, a CDCR Report of E-Service Waiver
3  form, and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.  The Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4.  In order to expedite the resolution of this case:

   a. No later than August 31, 2022, the remaining defendants, including those who have been ordered served above, shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **September 30, 2022**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d

1    409, 411-12 (9th Cir. 1988).

2        c.  Defendants **shall** file a reply brief no later than **October 14, 2022**.

3        d.  The motion shall be deemed submitted as of the date the reply brief is due.  No
4    hearing will be held on the motion unless the court so orders at a later date.

5        e.   Along with their motion, Defendants shall file proof that they served Plaintiff
6    the *Rand* warning at the same time they served him with their motion.  Failure to do so will result
7    in the summary dismissal of their motion.

8      5.  All communications by the Plaintiff with the court must be served on Defendants, or
9    Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
10   Defendants or their counsel.

11     6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
12   further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required
13   before the parties may conduct discovery.

14     Plaintiff is reminded that state prisoners inmates may review all non-confidential material
15   in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.
16   1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations
17   Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to
18   review these files or for copies of materials in them must be made directly to prison officials, not
19   to the court.

20     7.  It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
21   informed of any change of address and must comply with the court's orders in a timely fashion.
22   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
23   Federal Rule of Civil Procedure 41(b).

24     **IT IS SO ORDERED.**

25   Dated: June 6, 2022

                                JEFFREY S. WHITE
                                United States District Judge

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.