UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELTON LAMONT BOONE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 21-cv-08053-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; ON PENDING MOTIONS**<br><br>Re: Dkt. Nos. 28, 30, 36 |

## INTRODUCTION

Plaintiff is a California prisoner proceeding pro se. He filed this civil rights action under 42 U.S.C. § 1983 against a number of prison officials regarding his health care. The operative complaint is the First Amended Complaint ("amended complaint") (ECF No. 18), as amended by a subsequent filing (ECF No. 20) that names some of the Doe Defendants in the amended complaint. Defendants have filed a motion for summary judgment. Plaintiff has filed an opposition, and Defendant has filed a reply brief.. For the reasons discussed below, the motion for summary judgment is GRANTED. The other pending motions are also addressed below.

## BACKGROUND

In April 2018, Defendant Dr. Reys, who was Plaintiff's primary care physician at Sand Quentin, ordered a third surgery on Plaintiff's knee because Plaintiff had limited range of motion and difficulty with stairs, sports, and running. The surgery was non-emergent and elective, and it was scheduled for June 4, 2018. On May 31, 2018, Reys met with two other San Quentin doctors, Defendants Dr. Smith and Dr. Tootell, because Plaintiff's physical therapist was quitting, which

1  mean that Plaintiff would not have physical therapy services after surgery.  Because the surgery
2  was non-emergent and Plaintiff's post-surgical recovery would be greatly improved with physical
3  therapy, they decided to postpone his surgery until a new physical therapist was hired.  A new
4  physical therapist began work on July 17, 2018, and saw Plaintiff on July 31, 2018.  In the
5  meantime the CDCR's process for approving the surgery had changed.  Under the new process,
6  orders for such surgeries were reviewed a state-wide committee of medical professionals called
7  the Statewide Medical Authorization and Review Team ("SMART").  The SMART reviewed the
8  order for Plaintiff's third knee surgery August 2018.  In October 2018, it canceled the surgery
9  because the risks outweighed the benefits insofar as Plaintiff could be housed in a ground floor
10 cell and a level facility with no stairs and avoid surgery and its attendant risks.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id*.

## II. Analysis

Plaintiff claims that Defendants were deliberately indifferent to his need for a third knee surgery in 2018 when he was housed at San Quentin State Prison. Defendants were officials at San Quentin and at the California Department of Corrections and Rehabilitation ("CDCR").

The following claims remain:

(1) Defendant Dr. Reys for failing to re-order surgery once a new physical therapist was hired in July 2018;

(2) as to Defendants Tootell and Smith for failing to request Plaintiff's temporary placement in a different facility where physical therapy was available, instead of postponing surgery;

(3) as to Defendant Davis for failing to hire a replacement physical therapist or have sufficient physical therapists on staff at San Quentin before July 2018;

(4) as to the SMART members, Defendants Dr. G. Song, Dr. M. Popori, Dr. P. Tafoya, Dr. D. Ralston, Dr. E. dos Santos-Chen, Dr. A. Vasedeva, and Dr.. D. Kalauokalani for canceling his surgery in October 2018; and

(5) as to Defendant Allison for implementing policies and procedures that led to the creation and implementation of SMART.[1]

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from

---

[1] Since the events described in the complaint, Plaintiff has been transferred to a different prison and to a medical facility. In 2022, a third surgery was performed on Plaintiff's knee.

3

which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

.1. Reys Failure to Re-order Surgery

Plaintiff faults Dr. Reys for not re-ordering the surgery in July 2018 when the new physical therapist was hired. The undisputed evidence shows, however, that Dr. Reys's original order for surgery was still pending in July 2018 and awaiting approval by SMART. Ordering the surgery again would have simply placed a redundant order for surgery on the SMART's docket. There is no evidence that a second order for the surgery in July 2018 would have hastened the SMART's review or changed its conclusion. As the undisputed evidence shows that Dr. Reys's failure to reorder surgery in July 2018 would have made no difference in Plaintiff's medical care, such failure did not constitute deliberate indifference to his medical needs. Accordingly, Dr. Reys is entitled to summary judgment on this claim.

2. Smith and Tootell

Plaintiff faults Dr. Smith and Dr. Tootell for not transferring him to another prison where he could get physical therapy on May 31, 2018, rather than postpone his surgery until a new physical therapist could be hired at San Quentin. The uncontradicted evidence shows, however, that transferring him to another prison would not have necessarily been any faster in procuring him physical therapy or surgery that such a transfer carried some down-side risks to his medical care. Defendants present uncontradicted evidence that Dr. Smith and Dr. Tootell did not have unilateral authority to transfer Plaintiff to another prison. They had to request such a transfer for medical reasons, but the transfer would take time because custodial officials would have to locate a place that could house Plaintiff at the same security level and away from any "enemies" or other circumstances that could endanger him. Dr. Smith and Dr. Tootell could have reasonably decided that a review, decision, and implementation of any transfer was unlikely to be any faster than waiting for a new physical therapist at San Quentin. Additionally, the transfer would have disrupted the continuity of care from the same doctors and nurses, including the same surgeon who had performed his first two knee surgeries. It is undisputed that such continuity is medically beneficial. Under these circumstances, the uncontradicted evidence shows that Dr. Smith and Dr.

4

Tootell acted reasonably, and without deliberate indifference, when they decided not to request to transfer Plaintiff to another prison and instead seek to have his surgery performed at San Quentin when a new physical therapist was hired. Thus there are not triable issues of fact that, if reviewed in Plaintiff's favor, would establish that these Defendants violated Plaintiff's Eighth Amendment rights.

3. Defendant Davis

Plaintiff faults Defendant Davis, the San Quentin Warden, for not ensuring that physical therapists were hired more quickly and/or in sufficient numbers such that Plaintiff's surgery would not have been postponed on May 31, 2018.

Davis is entitled to summary judgment on this claim for two reasons.

First, Defendants present uncontradicted evidence that Davis was not responsible for hiring physical therapists at San Quentin. Plaintiff argues that as the Warden, he must be held responsible for ensuring sufficient staff. A superior cannot be held liable under Section 1983 on a theory of "respondeat superior," i.e. that she was responsible for the actions or omissions of her subordinates. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Davis cannot be held liable, however, under Section 1983 on a theory that he was responsible for his subordinates' actions or omissions, including their practices in hiring physical therapists.

Second, the evidence shows that any hiring decision did not proximately cause Plaintiff not to receive surgery. Proximate cause requires foreseeability. *See Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018). The evidence shows that the change in the CDCR's process for approving surgery gave the SMART authority to decide whether to approve surgery, and to ultimately deny it. There is no evidence that either the change in the CDCR's procedures for surgery approval or the SMART's decision to deny it were reasonably foreseeable when officials at San Quentin made hiring decisions about physical therapists before June 2018.

For these reasons, there is no triable factual issue that, if resolved in Plaintiff's favor, would show that Davis violated Plaintiff's Eighth Amendment rights relating to the denial of his knee surgery in 2018.

5

### 4. SMART Defendants

Plaintiff faults the Defendants who were part of SMART for deciding not to authorize his third knee surgery in October 2018. Even viewing the evidence in a light most favorable to Plaintiff, no fact-finder could reasonably determine that this decision was made with deliberate indifference to a serious medical need. It is undisputed that the SMART Defendants deliberated over and discussed the risks and benefits to Plaintiff of performing the surgery. It is also undisputed that Plaintiff could walk on level terrain without any pain or difficulty, and that he had a substantial range of motion (99 out of 180 degrees of flexion) in his knee that allowed him to conduct daily life activities. Plaintiff was unable to climb stairs without pain, but housing him in a ground floor cell or a level and single-story prison offered a non-surgical solution to his problems that did not pose the risk of infection pain and anesthesia that comes with surgery. They also weighed the fact that Plaintiff's prior two surgeries had not worked. In addition, the proposed surgery was "exploratory," which meant that any clinical benefit to Plaintiff was uncertain. Under these circumstances, it was not *known* to any medical professional, including the SMART Defendants, that a third knee surgery was medically necessary.

Neither the fact that Dr. Reys recommended the third surgery in early 2018, nor the fact that the surgery was later performed in 2022, mean that the SMART Defendants' denial of surgery in October 2018 was an Eighth Amendment violation. A disagreement among two doctors as to the proper course of treatment is not sufficient to establish deliberate indifference, and nor is Plaintiff's own lay-opinion disagreeing with the SMART doctors sufficient. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [plaintiff's] serious medical needs."). There is no evidence as to which side of this disagreement was more correct in a medical sense, but even assuming the SMART Defendants' decision was the less correct or negligent, that falls far short of establishing that these Defendants were deliberately indifferent. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment). As explained above, the only evidence shows that the Defendants carefully deliberated their decision, weighed the costs and benefits in a reasonable manner.

6

1          As to the decision to perform the surgery in 2022, medical professionals can reasonably change their opinion over time as conditions change. The SMART Defendants could reasonably have decided in 2018 that the best medical course was to exhaust non-surgical remedies first. That those remedies proved impracticable or ineffective after several years, necessitating surgery at that time, does not mean that the Defendants' decision in 2018 was deliberately indifferent or even wrong. Plaintiff's assertion that he felt knee pain following their decision is not relevant to Defendants' state of mind, i.e. whether they were deliberately indifferent, at the time the decision was made.

There is no evidence that the SMART Defendants knew that the third surgery was medically necessary in October 2018 but denied it anyway. Consequently, there are no triable factual issues that, if resolved in Plaintiff's favor, would establish that the SMART Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

### 5. Defendants Allison and Diaz

Plaintiff moves to dismiss Defendant Allison, the former CDCR Secretary, and replace her with another former CDCR Secretary, Defendant Diaz. This motion is DENIED as unnecessary. Whether against Allison or Diaz, Plaintiff's claim is they violated his Eighth Amendment rights by implementing policies creating and designing the SMART system and procedures. At best, this claim is derivative of his claims against the SMART members themselves for not approving his surgery in October 2018. For the reasons explained above, that decision was not deliberately indifferent to his medical needs and did not violate the Eighth Amendment. Consequently, creating the SMART did not cause Plaintiff to suffer an Eighth Amendment violation at the hands of the SMART Defendants.

## III.  Motion

Plaintiff's motion to compel grievance documents regarding other inmates' medical care is DENIED because such documents are not relevant to his claim that he received inadequate medical care.

7

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. Plaintiff's motion to dismiss Defendant Allison and replace her with another Defendant is DENIED as unnecessary. Plaintiff's motion to compel is DENIED.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: March 7, 2023

JEFFREY S. WHITE
United States District Judge